O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> GEORGE WILLIAMS, et al. </br></br> Defendants. | **Case No. EDCV 10-01714 VAP** </br> Case No. EDCR 03-0084 VAP </br></br> **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. §2255 AND DISMISSING ACTION** |

## I.  SUMMARY OF PROCEEDINGS

On November 5, 2010, Defendant filed a "Motion for Relief under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ("Mot.")  On April 18, 2011, the Government filed Opposition to Defendant's Motion ("Opp'n"), accompanied by various exhibits contained in its Excerpts of Record ("EOR").  On May 20, 2011, Defendant filed a Response ("Resp.") to the Opposition.  (The Response was filed in EDCR 03-0084 VAP, not the instant case.)

**II.   BACKGROUND**

On June 3, 2004, a federal grand jury in this district returned a nine count first superseding indictment charging Defendant and 32 others with conspiracy to manufacture, to aid and abet the manufacture of, to possess with intent to distribute, and distribute, more than 100 grams of phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(c)(2), 846 and 18 U.S.C. §2.  (Doc. No.[1] 448.)  On July 5, 2005, the government filed an information charging that, on or about May 14, 1985, in California Superior Court, Los Angeles County, Defendant had been convicted of possession of PCP for sale, in violation of Calif. Health and Safety Code § 11378.5, and on or about October 24, 2000, in California Superior Court, San Bernardino County, he had been convicted of manufacturing a controlled substance in violation of Calif. Health and Safety Code § 11379.6, both prior felony drug convictions within the meaning of 21 U.S.C. §§ 841, 851.  (Doc. No. 928.)

Following a ten day trial, a jury convicted Defendant on July 28, 2005, on Count One of the First Superseding Indictment, and found he was responsible for 175 kilograms of a mixture or substance containing PCP. (Doc. Nos. 1001, 1004.)  On December 5, 2005, Defendant

---

[1] All references to the docket refer to the docket in case no. EDCR 03-84 VAP unless otherwise specified.

admitted the allegations in the § 851 information.  (Doc. No. 1133.)  The Court sentenced Defendant to a life term of imprisonment, and imposed five years of supervised release and a mandatory special assessment of $100.00. (Doc. No. 1193 (Judgment & Commitment Order).)

Defendant appealed his conviction and sentence to the Ninth Circuit Court of Appeals; the Circuit Court affirmed his conviction and sentence on November 6, 2009. (Doc. No. 1573.)

### III.  DISCUSSION

Defendant asserts he was denied his right under the Sixth Amendment to the United States Constitution to the effective assistance of trial counsel, on the following bases:

(1) his lawyer "failed to challenge the special verdict form and prove the elements of conspiracy on the indictment beyond a reasonable doubt" (Mot. at 4);

(2) his lawyer failed to advise him of the consequences of his admission to the § 851 information, i.e., a mandatory sentence of life imprisonment (Mot. at 9-14);

(3) his lawyer failed to cross-examine witnesses other than Special Agent Starkey and co-defendant Kim Stinson regarding the agent's interview with Stinson (Mot. at 14-28); and

1     (4) his lawyer failed to object to the jury
2     instructions regarding the law of conspiracy (Mot. at
3     28-29).

5     To establish ineffective assistance of counsel,
6 Defendant must prove (1) "counsel's representation fell
7 below an objective standard of reasonableness," and (2)
8 there is a reasonable probability that, but for counsel's
9 errors, the result of the proceeding would have been
10 different. <u>Strickland v. Washington</u>, 466 U.S. 668, 688,
11 694 (1984). "A reasonable probability is a probability
12 sufficient to undermine confidence in the outcome." <u>Id.</u>
13 at 694. Under the second component, Defendant must
14 demonstrate his attorney's errors rendered the result
15 unreliable or the proceedings fundamentally unfair.
16 <u>Fretwell v. Lockhart</u>, 506 U.S. 364, 372 (1993);
17 <u>Strickland v. Washington</u>, 466 U.S. at 694.

19     A claim of ineffective assistance of counsel requires
20 proof of both of these elements. "[A] court need not
21 determine whether counsel's performance was deficient
22 before examining the prejudice suffered by the
23 defendant.... If it is easier to dispose of an
24 ineffectiveness claim on the ground of lack of sufficient
25 prejudice ... that course should be followed."
26 <u>Strickland v. Washington</u>, 466 U.S. at 697.

**A.   Failure to Object to the Special Verdict Form and the Jury Instructions on the Law of Conspiracy**

The Court instructed the jury on the elements of the crime of conspiracy with Ninth Circuit Model Instruction No. 8.16, modified to reflect the date the alleged conspiracy ended, and with the Pinkerton[2] instruction, Ninth Circuit Model Instruction No. 8.20.  (EOR at 122-125A.)  The Court also instructed the jury that as to any defendant it found guilty, it was to complete a special verdict form with a finding regarding the amount of PCP attributable to the defendant.

In affirming Defendant's conviction on direct appeal, the Ninth Circuit held "[t]he jury instructions, read as a whole, were not misleading or inadequate. . .  The jury was instructed (using Ninth Circuit Model Criminal Jury Instructions 8.16 and 8.20[3]) regarding the elements of the crime for which Williams was charged: conspiracy." United States v. Reed, 575 F.3d 900, 926 (9th Cir. 2009). Defendant's objection that his counsel erred by failing to seek a separate, special "mere presence" instruction fails because, as the Ninth Circuit noted, that principle was adequately covered in the instructions given.  Id.

---

[2] Pinkerton v. United States, 328 U.S. 640 (1946).

[3] The Model Criminal Jury Instructions have since been revised, and those instructions are now numbered 8.20 and 8.25, respectively.

5

Thus, Defendant was not prejudiced by the lack of any special instruction on that point.

Defendant's claim of error regarding foreseeability lacks merit as well.  Defendant makes no specific claim regarding the special verdict form, but appears to be asserting that his lawyer was ineffective because the jury found him responsible for 175 kilograms of PCP when it "was never told what jointly undertaken criminal activity to be foreseeable drug quantities whether defendant held accountable for the drug conduct which be was directly involved the entire conspiracy, manufacture, distribution, dispensing of possession with intent to manufacture PCP."  (Mot. at 29.)

In fact, as noted above, the jury was instructed with Model Criminal Instruction No. 8.20, which requires, under a <u>Pinkerton</u> theory of liability for conspiracy, that the government prove beyond a reasonable doubt that "the offense fell within the scope of the unlawful agreement and *could reasonably have been foreseen* to be a necessary or natural consequence of the unlawful agreement."  (Emphasis added.)  Thus, this claim fails as Defendant has not satisfied the second prong of <u>Strickland.</u>

Defendant's Sixth Amendment claim also appears to be based on his trial counsel's failure to object to the use

6

of the disjunctive in the special verdict form, allowing the jury to find the charged him responsible for the charged drug quantity if it was "either within the scope of [his] agreement with his co-conspirators or the 175 kilograms was reasonably foreseeable to [him]," (EOR at 130-31.)

The Ninth Circuit rejected Defendant's claim on direct appeal that the special verdict form improperly lowered the burden of proof. It held that under Circuit precedent, the district court when sentencing a defendant convicted of conspiracy to distribute a controlled substance must only find either that the quantity of drugs fell within the scope of the conspiracy or was reasonably foreseeable to the defendant. <u>Reed</u>, 575 F.3d at 927. Thus, Defendant's trial counsel's performance was not objectively unreasonable when she declined to object to a verdict form that conformed to the necessary findings for sentencing.

Moreover, for purposes of the ineffective assistance of counsel claim here, he is unable to satisfy <u>Strickland</u>'s prejudice prong, because his status as a career offender subjected him to a mandatory sentence of life imprisonment regardless of the calculation of the base offense level under the Sentencing Guidelines. Hence, the claim fails for this reason as well.

**B. Failure to Advise of the Consequences of Admission to the § 851 Information**

Defendant contends he was denied effective assistance of counsel because his attorney did not advise him that he faced a mandatory sentence of life imprisonment if he admitted the allegations in the § 851 information that he had suffered two prior felony drug convictions. (Mot. at 4-11.)

The Presentence Report prepared by the United States Probation Office was disclosed on November 7, 2005; it specifically stated that the allegations in the § 851 information subjected Defendant to a mandatory sentence of life imprisonment. Defendant admitted at the outset of his sentencing hearing that he had read the PSR and discussed it with his attorney.

On December 5, 2005, Defendant appeared before the Court, and admitted the allegations of the prior felony drug convictions. He confirmed that he had discussed the allegations thoroughly with his lawyer before coming to court, and that he was making the admissions freely, voluntarily and without coercion. (EOR at 134-35.) His lawyer concurred in the admissions. (Id. at 136-37.) "Solemn declarations in open court carry 'a strong presumption of verity.'" Doe v. Woodford, 508 F.3d 563, 571 (9th Cir. 2007) (citing Blackledge v. Allison, 431

U.S. 63, 74 (1977) and Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986).

Defendant's trial counsel, Darlene Ricker, has submitted a declaration under oath, in which she states that prior to trial "on at least one occasion, I explained to defendant the fact that he faced a potential sentence of life in prison. I spoke with defendant about the possibility of accepting a plea agreement in which he would receive a sentence of less than life in prison. I had discussions with defendant about the facts and circumstances in the case, possible defenses, and the potential sentence in the case. Defendant elected to proceed to trial." (EOR at 24.) Further, she states, "Prior to sentencing, a hearing was conducted as to the allegations of prior drug conviction. Defendant elected to admit the allegations of prior conviction. Although I may have had multiple discussions with defendant, I specifically recall that I explained the effect of admitting the allegations of prior conviction shortly before the admission was taken. At no point did defendant request that I challenge the allegations of prior drug conviction." (Id.)

In his Reply, Defendant seized on Ms. Ricker's statement that she informed him of the "potential" for a sentence of life imprisonment. (Response at 4-18.) He argues that this amounts to an admission that he was

never informed he faced a mandatory life sentence if he admitted the allegations.

This argument fails because Ms. Ricker's statement, taken in the context of the declaration as a whole, refers to the <u>potential</u> of defendant's conviction. In other words, when discussing the issue with Defendant <u>before</u> trial, Ms. Ricker was discussing a <u>potential</u> sentence because Defendant had not been convicted and was presumed innocent. When discussing the issue with him after trial, and after his conviction on Count One, she states in her declaration, "I specifically recall that I explained the effect of admitting the allegations of prior conviction shortly before the admission was taken." Significantly, the word "potential" is absent from this sentence. Moreover, this is entirely consistent with Defendant's own statement, in Court, that he had discussed the issue with his lawyer thoroughly before making his admissions. Hence, Defendant has not overcome the "strong presumption" that his counsel's performance was within the range expected from reasonably competent counsel. <u>Strickland</u>, 466 U.S. at 688.

Finally, in his Response, Defendant argues that the government did not respond to an argument in his Motion that his counsel was ineffective because she did not challenge the § 851 allegations despite the age of the prior convictions. (Resp. at 12.) To the extent that

10

such a contention fairly was raised in the Motion, Defendant appears to be asserting that the prior felony convictions alleged in the § 851 information were used improperly to enhance his sentence because they were more than 15 years old.  (Resp. at 7-8.)

Title 21 U.S.C. § 841(b)(1)(A)(iv) provides that a person convicted under § 841(a) for a crime involving the manufacture, distribution, dispensing or possession with the intention to manufacture, distribute or dispense, 100 grams or more of PCP, and "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment without release . . . ."  The statute sets forth no limit on the age of the prior felony drug convictions.  The limits imposed in the United States Sentencing Guidelines, see U.S.S.G. § 4A1.2(e), on the age of prior convictions used in calculating a defendant's criminal history category are irrelevant. Hence, Defendant has not demonstrated that his attorney's failure to challenge the age of the convictions alleged in the § 851 information fell below an "objective standard of reasonableness," nor that he was prejudiced by her failure to mount such a futile challenge. Counsel's performance is not defective for failing to bring futile or frivolous motions.  James v. Borg, 24 F. 3d 20, 27 (9th Cir. 1994) (counsel's failure to raise a

11

futile argument does not constitute ineffective assistance).

**C.   Failure to Examine Witnesses Regarding the Notes of Agent Starkey's Interview with Co-Defendant Kim Stinson**

Finally, Defendant bases his Sixth Amendment claim on his trial counsel's alleged failure (1) to call unspecified "other witnesses" present at the interviews of government witnesses, and (2) to cross-examine adequately the cooperating witnesses and Special Agent Starkey regarding Defendant's participation in the conspiracy.  (Mot. at 14-16.)

During trial, Special Agent Starkey that she had destroyed her rough notes of the interviews conducted of cooperating codefendants, once the formal reports commemorating the interviews were prepared.  Defendant moved for dismissal of the Government's case following this testimony, on the basis that the Government had violated its obligations under Jencks, (Doc. No. 978); the Court denied the motion and the Ninth Circuit upheld this decision on direct appeal, finding the notes in question was not Jencks material and Defendant's confrontation clause rights had been violated.  Reed, 575 F.3d at 920-23.

12

Defendant's bare claim regarding unnamed "other witnesses" is facially insufficient to warrant habeas relief.  He not only fails to name who his trial counsel could have called to testify on this subject, but fails to state what their testimony would have been, nor does he attach any declaration from a single witness constituting actual proposed testimony.  As the Government correctly points out, (Opp'n at 17), bare allegations do not suffice to gain relief under section 2255.  Rather, Defendant must "present evidence that the [proposed] witness would have provided helpful testimony for the defense, such as an affidavit from the alleged witness."  Dows v. Wood, 211 F.3d 480, 486 (9th Cir. 2000).  Defendant's failure to support his claim adequately dooms his attempt to show his trial counsel's performance in this regard was objectively deficient.

As to the allegedly faulty cross-examination of Agent Starkey, again Defendant does not specify what was lacking about her cross-examination of the witness at trial.  To the extent Defendant is asserting that the absence of the agent's original notes hampered his lawyer's cross-examination, that argument would fail as well; Defendant's rights to Jencks materials was satisfied when the Government turned over the formal reports of the witness interviews to the defense.

13

**IV. CONCLUSION**

Defendant has failed to demonstrate any grounds for relief under 28 U.S.C. § 2255. The Court denies the Motion and orders the action dismissed with prejudice.

Dated: September 19, 2011

VIRGINIA A. PHILLIPS
United States District Judge

14