GEORGE WILLIAMS
Reg. #30152-112
United States Penitentiary
P.O. Box 3900
Adelanto, CA 92301
Petitioner in pro se

FILED
CLERK, U.S. DISTRICT COURT
SEP 3 2019
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WILLIAMS,<br><br>    Defendant-Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent. | Case No. 5:03-CR-00084-VAP-24<br><br>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 OR FOR ANY RELIEF SUBMITTED PRO SE |

Please take notice the undersigned, in pro se, hereby moves this court to vacate petitioner's life sentence for violation of 21 U.S.C. § 846/841(a)(1) and resentence petitioner to 25 years pursuant to the provisions of the First Step Act of 2018. [CR-1193/1194]

## JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 2241, or such other relief the court grants under liberal incarcerated pleadings consistent with the First Step Act of 2018, Section 401 et. seq.

## STATEMENT OF FACTS

On January 17th, 2006, petitioner was sentenced to life in prison for violation of 21 U.S.C. § 846 & § 841 with two prior drug convictions under 21 U.S.C. § 851. Petitioner has remained in continuous custody since that time. Because the First Step Act of 2018 requires a 25 year

---

1/ Pursuant to Haines v. Kerner, 404 U.S. 519 (1972), petitioner, in pro se, seeks retroactive application of the First Step Act of 2018 *under* due process and equal protection of the 5th and 9th Amendments.

MEMORANDUM OF LAW                      RE: 28 U.S.C. § 2241 Habeas Corpus

- 1 -

sentence in lieu of a mandatory life sentence based on two prior drug convictions, Congress has overruled 21 U.S.C. § 851 penalty enhancements that mandated a life sentence with two prior drug convictions as in petitioner's case. A reading of the Act is clear:

> Pursuant to the First Step Act of 2018 intent, or a life sentence, the Act reads -
>> Section 401 ... (2) section 401(b)(1)- 21 USC 841(b)(1) - (A) Subparagraph (a) in clause (viii), (i), striking 'If any person commits such a violation after two prior felony convictions for drug offenses which have become final .... such a person shall be sentenced to a mandatory life sentence.'" (see) U.S.S.G. 5G1.1(c)

The requirement of equal protection compels vacation of the life sentence imposed on January 17th, 2006 in federal court. Standing rules and principals hold when law changes are not incorporated with a provision of Title 1 U.S.C. Section 109 that specifically states the previouslly imposed law remains unchanged, then the previously imposed act becomes [voided]. The "Act" does not include language saving petitioner's life sentence. As such, it is retroactive and requires vacation of petitioner's life sentence. United States v. Santos, 553 U.S. 507 (2008); U.S. v. Granderson, 511 U.S. 39 (1994).

A noteworthy point of law states the presumption of retroactivity applies when previously imposed punishments are repealed. (See) Kaiser Aluminum & Chemical Corporation v. Bonjorno, 494 U.S. 827, 839-841 n. 1 (1990) (Scalia, J. concurring) It is Black Letter law that on principles a previously imposed ruling is overriden, that previously imposed law's penalty cannot stand any longer. The only way a previously overruled law remains in effect is it specifically holds it is to remain in effect. Absent any holding to preserve the

now archaic life sentencing law of 21 U.S.C. § 851, petitioner's sentence must be reduced to 25 years, It is emphasized that the newly implemented "Act", in Section 401, did not state the change was not retroactive. It would be a judicial farce to implement a law change vacating life sentences under 21 U.S.C. § 851 and to then ignore the basis of the law change itself as not retroactive. Simply put, one cannot have indeitcally situated criminal defendants with the identical criminal records where one is released after 25 years and the other is never released but must die incarcerated for what the legal change in the law has voided. The essence of the First Step Act of 2018 has now repealed is a life sentence based upon two prior convictions for drug offenses. The Fifth and Ninth Amendments to the United States Constitution commands reduction of petitioner's life sentence under the sole purpose of the First Step Act of 2018. To release a convicted individual with two prior drug convictions after serving 25 years. And again, there is now provision of the "Act" that states it is not to be applied retroactively. It's meaning is to not keep drug offenders in prison until death overcomes them. (accord) <u>Stuart v. Khan</u>, 78 U.S. 493 (1870) [remedial statutes should be construed liberally to carry out the purpose of the enactment].

    Thus, to be consistent with Congressional statutory and legislative intentions, the First Step Act of 2018 is intended to have immediate effect to overcome the barbaric 21 U.S.C. § 851 two prior mandatory life sentences.

    Petitioner respectively moves this court to that end under the entire legal intent of the "Act" which abolished § 851's extremely brutal mandatory life sentences.

MEMORANDUM OF LAW            RE: 21 U.S.C. § 2241 Habeas Corpus

## CONCLUSION

For the foregoing reasons, the life sentence should be vacated and a twenty-five year sentence imposed.

Respectfully submitted,

Date: August 27, 2019

*George Williams*
GEORGE WILLIAMS
Reg. #30152-112
United States Penitentiary
P.O. Box 3900
Adelanto, CA 92301
Petitioner in pro se

## VERIFICATION

I certify and execute the foregoing to be true under penalty of perjury pursuant to 28 U.S.C. § 1746 in pro se.

Respectfully submitted,

Date: August 27, 2019

*George Williams*
GEORGE WILLIAMS
Reg. #30152-112
United States Penitentiary
P.O. Box 3900
Adelanto, CA 92301
Petitioner in pro se

//

//

MEMORANDUM OF LAW                    RE: 28 U.S.C. § 2241 Habeas Corpus

## CERTIFICATE OF SERVICE

I declare I placed the foregoing habeas corpus in an envelope, first class postage affixed thereto, addressed to:

Office of the Clerk
U.S. District Court Central District of California
Roybal Federal Building & U.S. Courthouse
Courtroom 780 (7th Floor)
255 Temple Street
Los Angeles, CA 90012

and mailed the envelope under penalty of perjury pursuant to 28 U.S.C. § 1746 in pro se.

Date: August 27, 2019

*George Williams*
GEORGE WILLIAMS
Petitioner in pro se
USP Victorville
P.O. Box 3900
Adelanto, CA 92301