NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
TIMOTHY J. SEARIGHT (Cal. Bar No.: 151387)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3749
    Facsimile: (213) 894-0142
    E-mail: timothy.searight@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent,<br><br>    v.<br><br>GEORGE WILLIAMS,<br><br>  Defendant-Petitioner. | No. CR 03-0084-VAP<br><br>[PROPOSED] GOVERNMENT'S OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS; POINTS AND AUTHORITIES<br><br>Hrg: [None scheduled.] |

    The government, by and through an attorney of record, Assistant United States Attorney Timothy J. Searight, hereby files opposition to defendant-petitioner George Williams' petition for writ of habeas corpus. The government's opposition is based on the attached memorandum of points and authorities and the files and records of this case.

    Respectfully submitted,

DATED: November 27, 2019

/S/
_____
TIMOTHY J. SEARIGHT
Assistant United States Attorney

## POINTS AND AUTHORITIES

Defendant-petitioner George Williams ("defendant") has filed a petition for writ of habeas corpus requesting that he be resentenced pursuant to the First Step Act ("FSA"). Defendant notes that the FSA changed that the mandatory minimum sentence contained within 21 U.S.C. 841(b)(1)(A) for violations such has his such that he should be re-sentenced to 25 years in prison rather than life in prison.

Defendant's petition should be denied. The FSA did not retroactively change sentences for phencyclide ("PCP") offenses, of which defendant was convicted, that became final before the adoption of the act. Pursuant to 1 U.S.C. § 109, changes to statutes are only to be applied to final sentences in those instances in which Congress has stated a clear intent to do so. There is no such statement in the FSA.

1. Statement of Facts

On June 3, 2004, a First Superseding Indictment was filed against defendant charging him with conspiracy to distribute PCP. (CR 448.) On July 28, 2005, defendant was convicted after jury trial. (CR 1001.) On December 5, 2005, defendant admitted two allegations of prior drug conviction. (CR 1133.) On January 17, 2006, defendant was sentenced to life in prison. (CR 1194, attached hereto.) Defendant pursued a direct appeal. On October 28, 2009, the judgment became final. (CR 1572.

The FSA was adopted on December 21, 2018. Among other provisions, the FSA changed the mandatory minimum provisions of 21 U.S.C. § 841(b)(1). The maximum mandatory minimum sentence was reduced to 25 years (from life in prison) for persons with two or more prior convictions for a "serious drug felony." Among other provisions of the FSA, sentences were reduced for those persons who committed crack cocaine offenses after the adoption of the Fair Sentencing Act in 2010. There is no similar language in the FSA with regard to other types of drugs apart from crack cocaine.

2. <u>Argument</u>

Defendant asks this Court to reduce his sentence from life in prison to 25 years in prison based on the changes to 21 U.S.C. § 841(b)(1)(A). Defendant argues that there is "presumption of retroactivity," and that without an express statement that the new penalties are not to be applied retroactively, then a Court should assume that this was the intention of Congress. (Pet., p. 2.) Defendant makes a more general argument that the "requirement of equal protection compels the vacation of the life sentence." (<u>Id.</u>). In essence, defendant argues that it is not fair for him to serve a life sentence when a defendant on the same facts today could only be sentenced to 25 years in prison.[1]

---

[1] Defendant could have gone further with his argument: the FSA also changed the types of crimes under 21 U.S.C. § 841(b)(1)(A) that can be used to increase a mandatory minimum from, in defendant's case, a "felony drug offense" to the more

Defendant has noted the relevant statute, 1 U.S.C. § 109, which is entitled, "Repeal of statutes as affecting existing liabilities." It states:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing shall so expressly provide . . . .[2]

There is nothing, express or otherwise, in the FSA or the amended § 841(b)(1)(A) that indicates that convictions and sentences final prior to the adoption of the FSA are to be changed as a result of the FSA. The FSA does contain a provision, Section 404(b), which permits a court, on motion of a defendant, to apply the new maximum sentences and mandatory minimums under the FSA for crack cocaine offenses that were committed on or after the Fair Sentencing Act was adopted in 2010. With regard to crack cocaine offenses, there is the type of express statement required under 1 U.S.C. § 109. For other types of drugs, including PCP, there is no similar express statement. Dorsey v. United States, 567 U.S. 260, 264 (2012)(Courts "assume that Congress did not intend [newly enacted] penalties to apply unless it clearly indicated to the contrary.")

---

narrow "serious drug felony." Defendant does not advance this argument.

[2] Defendant states, "Standing rules and principals hold when law changes are not incorporated with a provision of Title 1 U.S.C. Section 109 that specifically states the previously imposed law remains unchanged, the previously imposed act becomes voided." (Pet., p. 2.) This is not a quote to 1 U.S.C. § 109, and it is contrary to the statute.

Because the enactment of the FSA is recent, there is little Circuit Court case law on the issue. The case law that does exist, however, speaks with one voice that the FSA retroactivity provisions do not apply to drug convictions other than crack cocaine. See, United States v. Huy Trinh, 2019 WL 2061104 (N.D. Ca. 2019)("Defendant is not eligible for a sentence reduction under the First Step Act because he was convicted of an offense involved marijuana, not crack cocaine."); United States v. Gonzalez-Osequera, 2019 WL 1270916 (D. Hawaii 2019)("Defendant was not sentenced to an offense involving crack cocaine. Defendant was convicted of an offense involving methamphetamine. Defendant is not eligible for a reduction of his imprisonment term pursuant to the First Step Act.") The FSA does not allow for a reduction in sentence for defendant's PCP conviction.

Defendant's petition should be denied.

ENTERED

United States District Court
Central District of California
JAN 20, 2006

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY: De

Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES OF AMERICA vs.

Defendant  GEORGE WILLIAMS

akas:  Williams, Jimmy; June, George; Wilson, George; Williams, James

EDCR 03-84 (A) VAP

Social Security No. 5 5 2 0
(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 01 | 17 | 2006 |

**COUNSEL** ☒ WITH COUNSEL     Darlene Ricker
(Name of Counsel)

**PLEA** ☐ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE   ☒ NOT GUILTY

**FINDING** There being a finding/verdict of ☒ GUILTY, defendant has been convicted as charged of the offense(s) of: (Count 1) Conspiracy to Manufacture, to Aid and Abet the Manufacture of and to Possess with Intent to Distribute PCP (21 U.S.C. §846, 841 (a)(1), 841(b)(1)(A)); Life imprisonment and/or $8,000,000 with 10 year mandatory minimum.

**JUDGMENT AND PROB/COMM ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced and the defendant addressed the Court. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

**SPECIAL ASSESSMENT** The defendant shall pay to the United States a special assessment of $100, which is due immediately.

**FINE** Pursuant to U.S.S.G. § 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

Pursuant to the Sentencing Reform Act of 1984, and the Court having treated the guideline sentencing range, as a result of Booker and Fanfan, as advisory, and having applied all the relevant factors of 18 U.S.C. § 3553(a), it is the judgment of the Court that the defendant, George Williams, is hereby committed on Count 1 of the First Superseding Indictment (Redacted) to the custody of the Bureau of Prisons to be imprisoned for a term of life.

In the event the defendant is released from imprisonment, he shall be placed on supervised release for a term of ten years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs, abusing alcohol, and abusing prescription medications during the period of supervision;

3. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of

USA vs. GEORGE WILLIAMS                               Docket No.:   EDCR 03-84 (A) VAP

      drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs for defendant's drug treatment, alcohol treatment, or both to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. §3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer; and

5. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court sustains the defendant's objections to Paragraphs 141, 142, 147 and 148 of the Pre-sentence Report and Orders them stricken. The Probation Office is directed to amend the Pre-Sentence Report in conformance with this Judgment and Commitment Order.

On Government's motion, the underlying complaint and/or remaining count(s), ORDERED dismissed.

The Court RECOMMENDS a BOP facility in the Southern California vicinity.

DEFENDANT INFORMED OF RIGHT TO APPEAL.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

1/17/06
Date

_____
U.S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Jan. 17, 2006
Filed Date

By _____
Deputy Clerk

1103