# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## OFFICE OF THE CLERK
## 255 EAST TEMPLE STREET, ROOM 180
## LOS ANGELES, CALIFORNIA 90012

### OFFICIAL BUSINESS



NEOPOST
03 12 2020
US POSTAGE $00



Case: 5:03cr84   Doc: 1818

Benjamin  Beal
14450 Ivy Street
Adelanto, CA 92301



WRONG ADDRESS

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 3 2020



CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Case: 5:03cr84  Doc: 1818

Benjamin  Beal
14450 Ivy Street
Adelanto, CA 92301

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov
Message-Id:<29449329@cacd.uscourts.gov>Subject:Activity in Case 5:03-cr-00084-VAP USA v.
Reed et al Order on Motion to Reduce Sentence pursuant to First Step Act Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 3/12/2020 at 9:55 AM PDT and filed on 3/11/2020

| | |
|---|---|
| **Case Name:** | USA v. Reed et al |
| **Case Number:** | 5:03-cr-00084-VAP |
| **Filer:** | |
| **Document Number:** | 1818 |

**Docket Text:**
**ORDER DENYING Petition to Reduce Sentence (Doc. No. 1811) by Judge Virginia A. Phillips
denying [1811] APPLICATION to Reduce Sentence pursuant to First Step Act as to George
Williams (24): The Court therefore denies Defendant's Petition requesting a sentence reduction
under Section 401 of the First Step Act. (see document for further details) (bm)**

**5:03-cr-00084-VAP-24 Notice has been electronically mailed to:**
Timothy J Searight   caseview.ecf@usdoj.gov, usacac.criminal@usdoj.gov,
timothy.searight@usdoj.gov
Marcia J Brewer   marciabrewer3@sbcglobal.net
Philip Deitch   phildeitchesq@gmail.com
Paul C Horgan   pchorgan@gmail.com
Edward M Robinson   shalaeroblaw@gmail.com, rarobinson1019@gmail.com, eroblaw@gmail.com

Victor Marshall   attyvic1@aol.com
Raul Ayala   zzcac_fpd_document_receiving@fd.org, raul_ayala@fd.org
Judith Rochlin   judyrochlin@aol.com
Amanda Miller Bettinelli   caseview.ecf@usdoj.gov, usacac.criminal@usdoj.gov,
amanda.bettinelli@usdoj.gov
Brian A Newman   jjnewbee.newman@gmail.com, rtokabe@yahoo.com
Stephen G Wolfe   caseview.ecf@usdoj.gov, usacac.criminal@usdoj.gov
Carlos L Juarez   juarezlaw52@yahoo.com
Carl K Osborne   ckosborne@sbcglobal.net

Anthony Eaglin    eaglinlaw@gmail.com
Joseph T Vodnoy    attyjvodnoy@gmail.com
Michael R Belter    michaelbelter@yahoo.com
Larry M Bakman    lbakman@lbakmanlaw.com
David M Dudley    fedcrimlaw@hotmail.com
Richard M Steingard    rsteingard@steingardlaw.com, awong@steingardlaw.com
William R Domnarski    domnarski@sbcglobal.net, domnarski@gmail.com
David S McLane    reception@kmbllaw.com, dmclane@kmbllaw.com
Mario L Valenzuela    vnvlaw@aol.com
Joseph N Akrotirianakis    mtunson@kslaw.com, ssarff@kslaw.com, lbugni@kslaw.com, jakro@kslaw.com
Alan Fenster    afenlaw@aol.com
Kevin B Reidy    kevin.reidy@usdoj.gov, caseview.ecf@usdoj.gov, usacac.criminal@usdoj.gov, usacac.civil@usdoj.gov
James Pernell Cooper    trialanimal@sbcglobal.net
Robert E Scott    rescott20@prodigy.net
Charles K Kilgore    katoslaw58@gmail.com, idefendem@gmail.com, pittbulllaw@gmail.com
**5:03-cr-00084-VAP-24 Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**
George Williams
REG 30152-112
US.Penitentiary Victorville
PO Box 5300
Adelanto CA 92301
US

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

United States of America,

               Plaintiff,

           v.

George Williams,

               Defendant.

5:03-cr-00084-VAP-24

**Order DENYING Petition to
Reduce Sentence
(Doc. No. 1811).**

Before the Court is a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 or For Any Relief Submitted Pro Se (Doc. No. 1811, "Petition") filed by pro se Defendant George Williams.  Defendant's Petition requests a sentence reduction pursuant to the First Step Act.  The Court previously deemed this matter appropriate for resolution without oral argument, pursuant to Local Rule 7-15.  (Doc. No. 1812).  After considering all papers filed in support of, and in opposition to, the Petition, the Court denies Defendant's Petition.

## I. BACKGROUND

On July 28, 2005, Defendant was convicted by a jury of conspiring to manufacture and distribute phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 841, 846.  (Doc. Nos. 448; 1001; 1004).  On December 5, 2005, during a hearing to establish prior convictions pursuant to 21 U.S.C. § 851, Defendant admitted to having two prior qualifying drug convictions.  (Doc.

1

United States District Court
Central District of California

1   No. 1133). Then, on January 17, 2006, pursuant to then-existing 21 U.S.C

2   § 841(b)(1)(A)(viii), Defendant was sentenced to the mandatory minimum—

3   life in prison. (Doc. No. 1194). After unsuccessfully pursuing a direct

4   appeal, Defendant's conviction became final on October 28, 2009. (Doc.

5   No. 1572).

6

7       Defendant asks the Court to reduce his life sentence to 25 years under

8   Section 401 of the First Step Act. (Doc. No. 1811). Defendant argues that

9   retroactive application of Section 401 is compelled by: (1) the Equal

10  Protection Clause; (2) 1 U.S.C. § 109; (3) the absence of an express

11  prohibition against retroactivity in Section 401; and (4) the Fifth and Ninth

12  Amendments to the United States Constitution. (Doc. No. 1811 at 2–3).

13

14      In response, the Government argues that Defendant is not entitled to

15  relief under Section 401 since that statute does not apply to convictions and

16  sentences final before the First Step Act's enactment, which is evident

17  because there is nothing in the First Step Act, express or otherwise, to

18  indicate that Congress intended such a result. (Doc. No. 1816 at 3–4).

19

20              **II.    LEGAL STANDARD**

21      In 2018, Congress passed, and the President signed into law, the First

22  Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Section 401 of the First Step

23  Act, titled "Reduce and Restrict Enhanced Sentencing for Prior Drug

24  Felonies," lessened the penalty for defendants with two or more prior

25  qualifying drug offenses under 21 U.S.C § 841 by reducing the mandatory

26  minimum from life imprisonment to 25 years and by narrowing the type of

2

1  offenses that qualified a defendant for an enhanced sentence. *Id.* at

2  § 401(a)(2)(A)(ii). A subsection of Section 401, titled "Applicability to

3  Pending Cases," expressly provides that "[t]his section, and the

4  amendments made by this section, shall apply to any offense that was

5  committed before the date of enactment of this Act, if a sentence for the

6  offense has not been imposed as of such date of enactment." *Id.* at

7  § 401(c).

8

9      The general federal "savings clause" provides that "[t]he repeal of any

10  statute shall not … extinguish any penalty … incurred under such statute,

11  unless the repealing Act shall so expressly provide." 1 U.S.C. § 109. "Case

12  law makes clear that the word 'repeal' applies when a new statute simply

13  diminishes the penalties that the older statute set forth." *Dorsey v. United*

14  *States*, 567 U.S. 260, 272 (2012). Although Section 109 uses the term

15  "expressly provide," the United States Supreme Court has held that

16  Congress need not use "magical passwords" as long as "courts, before

17  interpreting a new criminal statute to apply its new penalties to a set of pre-

18  Act offenders, … assure themselves that ordinary interpretive

19  considerations point clearly in that direction." *Id.* at 274–75.

20

21          **III.   DISCUSSION**

22      Defendant's request for a sentence reduction under Section 401 of the

23  First Step Act fails because Section 401 does not apply retroactively to

24  sentences imposed before the First Step Act's enactment. The plain

25  language of the First Step Act makes this clear.

26

United States District Court
Central District of California

3

United States District Court
Central District of California

To start, the First Step Act does not expressly provide that Section 401 applies to sentences imposed before the First Step Act's enactment.  As a result, no presumption to that effect can be applied absent Congress's clear intent for Section 401's reduced penalties to apply to sentences imposed before the First Step Act's enactment.  *See Dorsey*, 567 U.S. at 264 (courts "must assume that Congress did not intend [the new statute's] penalties to apply unless it clearly indicated to the contrary.").  There is no evidence that Congress had such an intent.  Indeed, the plain language of the First Step Act indicates that it was Congress's intent that Section 401's reduced penalties would not apply to sentences imposed before the First Step Act's enactment.  By expressly prohibiting Section 401's application to pending cases where the sentence had been imposed before the First Step Act's enactment, there is no doubt that Congress also intended to exclude final cases where the sentence had already been imposed from Section 401's reach.  Accordingly, Congress' intent is evident from the First Step Act's plain language: Section 401 and its amendments do not apply retroactively to sentences imposed before the First Step Act's enactment.

Several courts have also concluded that defendants sentenced before the First Step Act's enactment, even those whose cases were pending on direct appeal at the time of enactment, are not entitled to Section 401's reduced penalties.  *See, e.g., United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (commenting that "the First Step Act is largely forward-looking and not retroactive," and concluding that defendant was not entitled to the benefits of Section 401 because "he was sentenced prior to its effective date and its limited retroactivity does not apply to him."); *United*

United States District Court
Central District of California

1    *States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019) (noting that Section

2    401 only applies to sentences imposed after its enactment, and holding that

3    the imposition of a sentence occurs on the date of sentencing in the district

4    court (not, as defendant maintained, after an appeal's resolution); *United*

5    *States v. Garcia*, No. 6:05-CR-00006-1-NKM, 2019 WL 4039638, at *1

6    (W.D. Va. Aug. 27, 2019) (finding that defendant sentenced in 2006 was not

7    entitled to relief under Section 401 because Section 401 did not apply

8    retroactively); *United States v. Bean*, No. 1:09-CR-143-RJJ, 2019 WL

9    2537435, at *5 n.9 (W.D. Mich. June 20, 2019) ("The most natural reading of

10    Section 401 of the First Step Act, however, is that it is not retroactive.");

11    *United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 WL 2396568, at

12    *6 (E.D. Wash. June 6, 2019) (remarking that the First Step Act "expressly

13    states that [Section 401] amendments do not apply retroactively—they only

14    apply to pending cases in which the defendants have not yet been

15    sentenced."). The parties have not cited any case law to the contrary, and

16    there appears to be none.

17

18         Additionally, the resulting disparity between offenders sentenced before

19    and after the First Step Act's enactment does not implicate Defendant's

20    constitutional rights. As the United States Supreme Court and Ninth Circuit

21    recognized with the application of the Fair Sentencing Act of 2010, which

22    reduced statutory penalties for cocaine base (crack) offenses, the disparate

23    treatment between pre-Act offenders already sentenced and those not yet

24    sentenced did not make a "critical difference" because "those disparities,

25    reflecting a line-drawing effort, will exist whenever Congress enacts a new

26    law changing sentences (unless Congress intends re-opening sentencing

1  proceedings concluded prior to a new law's effective date)." *Dorsey*, 567

2  U.S. at 280–81; *see also United States v. Augustine*, 712 F.3d 1290, 1295

3  (9th Cir. 2013) (relying on *Dorsey*, concluding that "[a]ny unfairness of the

4  disparity resulting from the inapplicability of the [Fair Sentencing Act] to

5  [defendant] … is beyond the province of this court to resolve."); *United*

6  *States v. Baptist*, 646 F.3d 1225, 1228 (9th Cir. 2011) (rejecting defendant's

7  challenges under the Fifth, Eighth, and Fourteenth Amendments to his five-

8  year mandatory minimum sentence that was imposed under the pre-Fair

9  Sentencing Act law).  Likewise, the resulting disparity between offenders

10  sentenced before the First Step Act, like Defendant, and those sentenced

11  after the First Step Act, who will benefit from Section 401's reduced

12  penalties, does not violate Defendant's constitutional rights.

13

14       In sum, Section 401 and its amendments, including the provision that

15  reduced the mandatory minimum for defendants with two or more prior

16  qualifying drug convictions under 21 U.S.C. § 841 from life imprisonment to

17  25 years, do not apply to sentences imposed before the First Step Act's

18  enactment.  The First Step Act was enacted on December 21, 2018.  Pub. L.

19  No. 115-391, 132 Stat. 5194.  Defendant's sentence was imposed in 2006,

20  well before the First Step Act was enacted.  Therefore, because Defendant's

21  sentence was imposed before the First Step Act's enactment, he is not

22  eligible for the benefits of Section 401.[1]

23  _____

24  [1] Although Defendant does not argue he is entitled to a sentence reduction
    under Section 404 of the First Step Act, the Government argues that De-

25  fendant is not entitled to the benefits of Section 404 because those provi-
    sions apply only to cocaine base (crack) offenses, not PCP offenses.  (*See*

26  Doc. No. 1816 at 4–5).  The Government is correct.  In Section 404 of the
    First Step Act, Congress made the Fair Sentencing Act's statutory changes

United States District Court
Central District of California

United States District Court
Central District of California

## IV.   CONCLUSION

The Court therefore denies Defendant's Petition requesting a sentence reduction under Section 401 of the First Step Act.

**IT IS SO ORDERED.**

Dated:   3/11/20

Virginia A. Phillips
Chief United States District Judge

---

for cocaine base (crack) offenses retroactive to defendants who were sentenced before August 3, 2010, which is when the Fair Sentencing Act was enacted.  Pub. L. No. 115-391, 132 Stat. 5194, § 404.  Thus, even if Defendant's Petition is liberally construed to include a request for relief under Section 404, Section 404 only applies to cocaine base (crack) offenses impacted by the Fair Sentencing Act, not a PCP offense like the one underlying Defendant's conviction.  *See, e.g., United States v. Herrera*, No. CR 02-531-RSWL-2, 2019 WL 3428835, at *1 (C.D. Cal. July 29, 2019) (concluding defendant was not entitled to relief under Section 404 because his conviction involved only methamphetamine and pseudophedrine);  *United States v. Huy Trinh*, No. 10-CR-00385-SI-1, 2019 WL 2061104, at *1 (N.D. Cal. May 9, 2019) (finding defendant was not eligible for a sentence reduction under Section 404 because his conviction involved only marijuana); *United States v. Drayton*, No. CR 10-20018-01-KHV, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019) (holding defendant was not eligible for relief under Section 404 because his conviction involved only powder cocaine and marijuana).

7